IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ULUWEHI SAI, | ) | Civ. No. 09-00154 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S EX PARTE |
| vs. | ) | MOTION TO FILE UNDER SEAL |
| | ) | EXHIBITS 10, 11, AND 13 TO |
| H&R BLOCK ENTERPRISES, INC., | ) | DEFENDANT'S SEPARATE AND |
| | ) | CONCISE STATEMENT OF |
| Defendant. | ) | FACTS IN SUPPORT OF ITS |
| | ) | MOTION FOR SUMMARY |
| _____ | ) | JUDGMENT |

ORDER GRANTING DEFENDANT'S EX PARTE MOTION TO FILE UNDER SEAL EXHIBITS 10, 11, AND 13 TO DEFENDANT'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant H&R Block Enterprises, Inc.'s Ex Parte Motion To File Under Seal Exhibits 10, 11, and 13 to Its Separate and Concise Statement of Facts in Support of Its Motion For Summary Judgment.  After careful consideration of the Motion, as well as the supporting memoranda, Defendant's Motion is GRANTED.

Defendant requests to file under seal Exhibits 10, 11, and 13 to its Concise Statement of Facts in support of its pending Motion For Summary Judgment.  As Defendant acknowledges in its supplemental memorandum, it has the burden of articulating "compelling reasons" for sealing the Exhibits under

Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009). "To limit this common law right of access, a party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure.'" Id. (ellipses points omitted).

Under the "compelling reasons" standard, courts "must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling.'" Id. at 1116. "Relevant factors" include "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Id. at n. 6.

Turning to the Exhibits at issue, Exhibit 13 consists of four meeting agendas, each of which contain confidential and proprietary financial information, including tax return and revenue targets related to Defendant's seasonal promotions. Exhibit 11 consists of a single meeting agenda with similar financial information, and Exhibit 10 is an email that references target information in Exhibit 11. The information in these Exhibits is not released to the general public

and, for that reason, a Stipulated Protective Order was entered in this case to protect such documents from public disclosure. The Court finds that Defendant has a strong interest in keeping this proprietary and financial information confidential. See Pintos, 565 F.3d at 1116 & n.6.

With respect to the "public interest in understanding the judicial process," the confidential information has no relation to the claims or defenses in this case. As Defendant maintains, Exhibits 10, 11, and 13 are "offered simply to corroborate the deposition testimony and affidavits attesting that Plaintiff attempted to mislead Defendant during its investigation." (Defendant's Supp. Memo. at 4.) Because the evidence and arguments relevant to the claims or defenses in this case are apparent from Defendant's briefing and other non-confidential evidence, the Court finds that the public interest in understanding the judicial process will not be infringed if Exhibits 10, 11, and 13 are sealed. See Pintos, 565 F.3d at 1116 & n.6.

After considering the relevant factors, the Court concludes that Defendant's strong interest in keeping the information confidential outweighs the common law right for the public to inspect and copy the Exhibits. Id. at 1115-16. Defendant meets its burden of articulating a compelling reason for filing the Exhibits under seal. Id. Accordingly, the Court GRANTS Defendant's Ex Parte

Motion To File Under Seal Exhibits 10, 11, and 13 to Its Separate and Concise Statement of Facts in Support of Its Motion For Summary Judgment.  The Clerk of Court is directed to file Exhibits 10, 11, and 13 under seal.

DATED:  Honolulu, Hawaii, December 21, 2009.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Uluwehi Sai v. H&R Block Enterprises, Inc., CV. NO. 09-00154 SOM-BMK; ORDER GRANTING DEFENDANT'S EX PARTE MOTION TO FILE UNDER SEAL EXHIBITS 10, 11, AND 13 TO DEFENDANT'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT.

4